UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA S., Plaintiff, v. KILOLO KIJAKAZI, Acting Commissioner of Social Security, Defendant. | ) | No. 1:20-cv-01806-TAB-JRS |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

## I. Introduction

Plaintiff Brenda S. appeals the Social Security Administration's denial of her application for disability insurance benefits. Plaintiff argues that the Administrative Law Judge erred in assessing Plaintiff's ability to be off task over an eight-hour workday. Plaintiff also argues that the ALJ had a duty to recontact the consultative examining physician after finding the physician's opinion unpersuasive because it was ambiguous, inconsistent, and incomplete. However, the ALJ articulated the evidentiary basis for the limitations provided in Plaintiff's Residual Functional Capacity assessment, including the need to be off task 10 percent of the day over and above regularly scheduled breaks. Moreover, Plaintiff fails to explain how she was harmed by the ALJ's finding that she could be off task 10 percent of the workday or otherwise set forth evidence indicating that she would be off task more than this. In relation to the consultative examining physician, the ALJ's decision contains a detailed description of her opinion. For reasons explained below, the ALJ's evaluation of that opinion was reasonable and proper. Accordingly, Plaintiff's request for remand [Filing No. 14] is denied.

## II. Background

On April 7, 2017, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income.[1] The SSA denied her claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. § 404.1520(b) and 416.920(a). First, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since October 12, 2016, the alleged onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, depression, and unspecified anxiety disorder. [Filing No. 12-2, at ECF p. 14.]

At step three, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Appendix 1. Before reaching step four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> [Plaintiff] may never work around unprotected heights or hazardous machinery, and never operate commercial motor vehicles, trucks, or industrial moving equipment, such as fork lifts. Due to a combination of severe mental deficits, work is limited to simple, routine tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes or tandem tasks; no interaction with the general public; and only brief, superficial interaction with co-workers and supervisors. [Plaintiff] would be off-task 10% of the workday over and above normally scheduled breaks, and she would need reminders to perform job tasks from a supervisor once or twice per day on an ongoing basis.

[1] The November 30, 2020, certified copy of administrative record does not include exhibit stamps, but they are included in the amended CAR filed February 9, 2021. As both Plaintiff and the Commissioner cite to the November CAR, the Court's order does as well.

[Filing No. 12-2, at ECF p. 17.]

Next, at step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. The ALJ noted that on the alleged disability onset date, Plaintiff was an individual of advanced age, and that she has at least a high school education and the ability to communicate in English. Finally, at step five, the ALJ found, in considering Plaintiff's age, education, work experience, and RFC, that jobs existed in significant numbers in the national economy that Plaintiff could perform, including: inspector/hand packager, assembler, small products I, and checker I. [Filing No. 12-2, at ECF p. 24.] The ALJ concluded that Plaintiff was not disabled.

**III. Discussion**

Plaintiff argues on appeal that the ALJ committed reversible error by failing to explain how being allowed to be off task 10 percent of an eight-hour workday is sufficient to accommodate all her limitations associated with mental health and by failing to properly consider the opinion of the consultative examining physician. The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

**A. Off-task limitation**

Plaintiff argues that the ALJ failed to provide sufficient evidentiary support for the off-task limitation in Plaintiff's RFC. [Filing No. 14, at ECF p. 13.] The ALJ's decision includes various limitations, including that Plaintiff would be off task 10 percent of the workday over and above normally scheduled breaks and would need reminders to perform job tasks from a supervisor once or twice per day on an ongoing basis. [Filing No. 12-2, at ECF p. 22.] Plaintiff argues that the ALJ's accommodation allowing Plaintiff to be off task 10 percent of the workday is unexplained and unsupported in the record. *See, e.g.*, *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (finding ALJ's calculation that the plaintiff would be off task 10 percent of the time unpersuasive because ALJ did not build accurate and logical bridge or explain why he gave more weight to state-agency psychologists than the plaintiff's long-time counselor). Thus, Plaintiff claims the limitation is arbitrary. [Filing No. 14, at ECF p. 14-15.] *See, e.g.*, *Harris v. Saul*, No. 18-cv-1930, 2020 WL 221964, at *3 (E.D. Wis. Jan. 15, 2020) ("[T]he ALJ failed to explain how he determined that being allowed to be off task ten percent of an eight-hour workday is sufficient to accommodate those limitations. The off-task limitation, therefore, appears to be arbitrary."); *Garner v. Berryhill*, No. 1:18-cv-211, 2019 WL 1324605, at *10 (N.D. Ind. Mar. 22, 2019) ("Moreover, it appears the ALJ's finding of off task limitations for 5 percent of the workday was not based on any state agency opinion, but again only her own interpretation of the highly complex medical evidence in the record. . . . The ALJ's conclusion of five percent off task is totally arbitrary and without any explanation whatsoever.").

However, the ALJ's decision does provide some explanation and support for the limitation. Specifically, the ALJ explained:

> Due to bipolar disorder, depression, and anxiety disorder, the claimant has moderate limitations in understanding, remembering, or applying information,

> and in concentrating, persisting, or maintaining pace, as discussed above. Accordingly, the undersigned finds that the claimant is limited to work comprised of simple, routine tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes or tandem tasks. Similarly, the claimant has a moderate limitation in interacting with others, such that she should have no interaction with the public and only brief, superficial interaction with co-workers and supervisors. Given the claimant's marked limitation in adapting or managing herself, for safety reasons, she may never work around unprotected heights or hazardous machinery, and never operate commercial motor vehicles, trucks, or industrial moving equipment such as fork lifts. Considering all of these factors, the claimant would be off-task 10% of the workday over and above normally scheduled breaks, and she would need reminders to perform job tasks from a supervisor once or twice per day on an ongoing basis.

[Filing No. 12-2, at ECF p. 22.] The decision articulates the ALJ's reasoning as to why the ALJ found that Plaintiff would be off task throughout the workday. However, the ALJ does not set forth any explanation for how he reached the specific conclusion that Plaintiff would be off task 10 percent of the workday. The ALJ does not cite to or reference any medical source or evidence he considered in determining precisely how long Plaintiff would be off task.

However, even if the ALJ erred in not providing an explanation for determining Plaintiff would only be off task 10 percent of the workday, this error does not require remand, because Plaintiff has not shown any resulting harm. *See Lanigan*, 865 F.3d at 563 (remanding where ALJ failed to lay a foundation for 10 percent off-task limitation and unrebutted testimony established that the plaintiff "was taking unscheduled breaks (sometimes for 20 minutes) three to five times during his five hour shifts"). Plaintiff does not cite any evidence that the ALJ allegedly overlooked or failed to consider that would support finding that she needed to be off task more than 10 percent of the time. In fact, Plaintiff does not cite to any medical source opining that she would be off task a particular percentage of the workday, and she did not testify with specificity on her need to take breaks. Thus, Plaintiff fails to explain how she was harmed by the ALJ's finding that she could be off task 10 percent of the workday over and above

normally scheduled breaks. *See, e.g.*, *Johnson v. Saul*, No. 19-C-856, 2020 WL 1900139, at *12 (E.D. Wis. Apr. 16, 2020) ("Plaintiff makes no effort to identify evidence supporting a greater time off task percentage. Rather, she contends that: 'Once the ALJ concluded Johnson had a deficit that leads to off-task behavior, he needed an evidentiary basis for beginning the degree of limitation at 10%. If he goes down the road of a percentage limitation, he cannot randomly assign the percentage.' Courts within this circuit have declined to read *Lanigan* that broadly."); *Jackson v. Saul*, No. 19-cv-290, 2020 WL 620091, at *3 (E.D. Wis. Feb. 10, 2020) ("Although the ALJ failed to explain how he determined that Jackson would be off task only 15% of the workday, this error does not require remand because Jackson has not shown any resulting harm.").

Plaintiff also takes issue with the ALJ's limitation in her RFC indicating that Plaintiff would need reminders from her supervisor to remain on task. Plaintiff calls this limitation "somewhat problematic." [Filing No. 14, at ECF p. 15.] In support, Plaintiff cites to her testimony at the hearing, where she stated that she relies on her partner for any kind of financial decisions, to go to the grocery store, and to encourage her to finish tasks around the house that she has started. Plaintiff noted that she loses concentration and ability to focus, and when she is manic she will start several activities without finishing before moving on to another, and that she tends to do several things at one time. However, Plaintiff does not otherwise cite to any medical source opining that she would need more reminders than the ALJ set forth, nor does she raise any issue with how the ALJ weighed her subjective symptoms.

Rather, on this issue, Plaintiff mostly relies on a statement in an unpublished decision from this Court in which a different vocational expert stated that the need to redirect an individual to get back on task is akin to "sheltered employment." *See Morgan F. v. Berryhill*,

No. 18-cv-1402-TWP-TAB, 2019 WL 1915288, at *4 (S.D. Ind. April 29, 2019) (quoting exchange between the ALJ and VE at hearing describing the act of a supervisor redirecting the plaintiff to be back on task as "basically sheltered employment."). However, neither Plaintiff nor Plaintiff's counsel raised any concerns with the testimony of the VE or objected to the VE's testimony at the hearing. At Plaintiff's hearing, the VE in this case was asked whether there would be any impact on jobs available if an individual needed additional supervision such as twice-a-day contact with supervisors to assess work level. The VE said this would have no effect on the jobs available because that is the job of a supervisor and not unreasonable. Thus, the VE said such additional supervision would have no effect on employment. [Filing No. 12-2, at ECF p. 64.] The fact that a different VE in a different case reached a different conclusion is not alone enough reason to require remand. Plaintiff provides no citation to any medical source opining that she would need additional limitations. Thus, once again, any error is harmless.

**B. Consultative examiner opinion**

Plaintiff also argues that the ALJ failed to provide an adequate explanation for rejecting the opinions of consultative examining psychologist Michele C. Thorne. The ALJ provided a detailed summary of Dr. Thorne's findings, including diagnoses of bipolar disorder I, most recent episode depressed, and unspecified anxiety disorder; difficulty interacting with others and managing finances; symptoms that significantly impact Plaintiff's ability to function independently; and an opinion that Plaintiff would likely not be successful in an employment setting due to chronic and severe conditions. [Filing No. 12-2, at ECF p. 21.] However, the ALJ did not find Dr. Thorne's opinion persuasive. In reaching this conclusion, the ALJ explained:

> [W]hile Dr. Thorne's report provides a good explanation of the claimant's life circumstances, her Medical Source Statement is ambiguous as to function-by-function limitations. In addition, Dr. Thorne's opinion is internally inconsistent with her assessment of the claimant's mild limitation in understanding and

> carrying out simple instructions. Further, the charts corresponding to Dr. Thorne's Medical Source Statement are incomplete. Given these factors, the undersigned does not find the examiner's opinion persuasive.

[Filing No. 12-2, at ECF p. 21.]

Plaintiff argues that the ALJ had a duty to recontact Dr. Thorne for clarification if he found her opinion to be ambiguous or incomplete. [Filing No. 14, at ECF p. 18.] Plaintiff accuses the ALJ of playing doctor by finding the only medical opinions of record to be unpersuasive. She also claims that the only other statement by a treating provider in the record related to Plaintiff's work status was ignored by the ALJ. ['Filing No 14, at ECF p. 19.] The Commissioner argues that the ALJ's evaluation of Dr. Thorne's opinion was reasonable and proper, and that while Dr. Thorne left the check-box forms blank, she provided detailed corresponding narrative statements, which the ALJ considered. [Filing No. 16, at ECF p. 12.]

An ALJ may recontact a medical source to help resolve insufficiencies or inconsistencies if the medical record is insufficient or inadequate. 20 C.F.R. § 404.1520b. However, the regulations do not require an ALJ to recontact a doctor where there is adequate information to render a decision. *Id.* *See also Britt v. Berryhill*, 889 F.3d 422, 427 (7th Cir. 2018) (ALJ is not required to recontact the doctor because the record contained adequate information for the ALJ to render a decision); *Walter R. v. Saul*, No. 1:18-cv-1042-DLP-SEB, 2019 WL 3773795, at *9 (S.D. Ind. Aug. 12, 2019) ("The ALJ here made a disability determination and never indicated that the record was inadequate to make that determination. . . . Without any analysis from Walter about why the ALJ should have exercised this option, the Court is not persuaded that the ALJ should have recontacted Dr. Freije for clarification."). The ALJ here made a disability determination, and while he noted his reasoning for finding Dr. Thorne's opinion unpersuasive, he did not indicate that he found the record as a whole inadequate to determine disability.

Plaintiff recites the ALJ's decision as it relates to Dr. Thorne but does not otherwise explain why the ALJ should have determined the issues with Dr. Thorne's opinion or why the record as a whole rendered him unable to make a disability determination.

Plaintiff claims that the ALJ played doctor because he found the only medical opinions of record to be unpersuasive. [Filing No. 14, at ECF p. 19.] However, this is not a situation where the ALJ improperly attempted to interpret medical evidence without medical scrutiny. The ALJ considered the evidence as a whole, including Plaintiff's subjective claims regarding her symptoms, her medical record, and the opinions of state agency consultative psychologists. Plaintiff has the burden of proving disability and producing evidence. *See* 20 C.F.R. § 404.1512(a). Plaintiff did not offer an opinion from any of her treating sources, despite the lengthy treatment record and the fact that she had an attorney representing her at the administrative level. While she asserts that the ALJ failed to consider a statement from nurse practitioner Amy Newhouse relating to Plaintiff's work status, the record only contains Newhouse's treatment records. At best, Newhouse documented a report from Plaintiff's partner that she was doing well and "both" Plaintiff and her partner agreed that part of the reason was because she continued to remain off work. [Filing No. 12-7, at ECF p. 214.] This is also consistent with a statement made by Plaintiff's attorney at the hearing that there are no opinions in the record from anyone regarding work-related functional limitations. As a result, the ALJ sought the opinion of Dr. Thorne. The ALJ considered Dr. Thorne's opinion, but ultimately found it unpersuasive and provided adequate reasoning for doing so. Thus, remand is not warranted.

## IV. Conclusion

The ALJ could have been more specific in explaining how he reached the conclusion that Plaintiff would be off task for 10 percent of the workday. However, Plaintiff has not set forth any evidence to the contrary or otherwise explained how she was harmed by this limitation or the ALJ's limitation indicating Plaintiff would need reminders from her supervisor to remain on task. In addition, the ALJ's consideration of Dr. Thorne's opinion was reasonable and proper. Accordingly, Plaintiff's request for remand is denied. [Filing No. 14.]

Date: 8/25/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email